## A01A2236. STALVEY v. BATES.

(555 SE2d 477)

ELDRIDGE, Judge.

We granted this discretionary appeal to review whether the Clinch County Superior Court erred in awarding legal and physical custody of appellant-plaintiff David Ronald Stalvey's children to their maternal grandmother, appellee-defendant Gisela I. Bates. The record reveals that the superior court determined that the interests of the two children were best served by placing them in the legal and physical custody of Bates. Stalvey was awarded visitation rights. Citing *Clark v. Wade*, 273 Ga. 587, 598-599 (IV) (544 SE2d 99) (2001), Stalvey appeals contending the superior court's best interest of the child determination was error in the absence of an initial finding that parental custody would harm the child, both determinations as upon clear and convincing evidence. Because we agree,[1] we reverse and remand with direction that the superior court determine upon a clear and convincing evidence standard whether parental custody in Stal-

---

[1] The Supreme Court pertinently held that "the 'best-interest-of-the-child' standard in OCGA § 19-7-1 (b.1) requir[ed] the third party to show that parental custody would harm the child to rebut the statutory presumption in favor of the parent. Once this presumption is overcome, the third party must show that an award of custody to him or her will best promote the child's health, welfare, and happiness." *Clark v. Wade,* supra at 598 (IV).

vey would harm[2] the children and, if so, whether an award of custody to Bates would be in their best interests.

*Judgment reversed and remanded with direction. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 11, 2001.

*Benson & Phillips, Melinda B. Phillips*, for appellant.
*Suzanne P. Mathis*, for appellee.

---

[2] The Court defined "harm" as "physical harm or significant, long-term emotional harm; . . . not . . . merely social or economic disadvantages." Id.